IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARRISON B. GRAHAM, JR., #0909404/16101*

Plaintiff                                      *

v                                              * Civil Action No. JFM-15-1967

DR. COLIN WILLIAMS,                            *
DR. ALAN GRAVES
                                               *
Defendants
                                              ***

## MEMORANDUM

On July 2, 2015, Harrison B. Graham, Jr. ("Graham"), a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution in Cumberland ("WCI"), filed a letter complaint construed as a civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleged that prison dentists failed to replace a partial plate following extraction of two back upper right teeth in September of 2014, making it difficult to chew food and causing ongoing gum soreness and pain.[1] Graham attempted to resolve the situation through the prison grievance system, but was informed that the dentists were employed by a private health care contractor and their determination that Graham did not need a partial plate could not be resolved within the DOC.[2] Graham takes exception to DOC policy that a prisoner must be missing at least five teeth before receiving a partial plate, and states that he "should not be forced to have other teeth

---

[1] Graham states that he paid for his original plate, which was accidentally flushed down a toilet, and that he is willing to pay for a replacement. ECF No. 1 at 2. Although policy apparently dictates no basis for Graham to be provided a partial plate at government expense, the court is at a loss to understand why he cannot pay for a replacement for the item lost. While this anomaly does not implicate a violation of constitutional dimension requiring judicial intervention, it appears to be a matter that can be readily addressed by Graham and DOC personnel.

[2] Graham indicates that DOC officials informed him that he did not meet the criteria requiring a partial plate because he was not missing enough teeth. ECF No. 1 at 3. The policy itself is not challenged in this lawsuit; rather, Graham is complaining that defendants are following the policy, to his detriment. To challenge the policy, Graham may wish to file a separate action naming the appropriate defendants.

extracted in order to receive a replacement partial dental plate."[3] ECF No. 1 at 3. He contends that the denial of the partial plate evinces deliberate indifference to a serious medical need under the Eighth Amendment, and seeks injunctive relief mandating that he be provided a replacement partial plate. ECF No. 1 at 5.

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating all of Graham's claims are barred by the doctrine of res judicata. ECF No. 9. Graham opposes defendants' motion, arguing that his prior state court proceedings should be interpreted as exhaustion of remedies and not as a bar to federal court review.[4] ECF No. 14. A hearing is not needed to resolve the case. *See* Local Rule 105.6 (D. Md. 2011).

## Standard of Review

"'The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must "'accept[ ] as true the well-pled facts in the complaint and view[ ] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (citation omitted).

## Analysis

The doctrine of res judicata, also known as "claim preclusion," was "designed to protect

---

[3] Graham is not bringing his action against DOC officials who, presumably, crafted this policy for contractual dental care providers.

[4] In his opposition response, Graham states he alleged medical malpractice in his state court proceedings. Malpractice is essentially a state tort claim and is properly raised in the Maryland courts in accordance with Maryland's Health Claims Arbitration Act, Md. Code Ann., Cts & Jud. Proc., §3-2A-02, *et seq.* Because Graham litigated his malpractice claim in state court, he is barred from relitigating it here.

2

'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)); *see also Montana v. United States*, 440 U.S. 147, 153-54 (1979) (recognizing that res judicata avoids the "expense and vexation attending multiple lawsuits, conserves judicial resources," and avoids "inconsistent decisions").

Under Maryland law, application of res judicata requires satisfaction of three conditions: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140 (2012); accord *Powell v. Breslin*, 430 Md. 52, 63-64 (2013). Further, these preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations. *Esslinger v. Baltimore City*, 622 A.2d 774, 781 (Md. Ct. Spec. App. 1993).

Graham's state court complaint, filed against defendants Williams and Graves in the District Court of Maryland for Allegany County, raised the identical claim of deliberate indifference asserted here. ECF Nos. 9-2 and 9-3. A defense verdict was entered following trial on February 13, 2015.[5] Graham's appeal to the Circuit Court for Allegany County was dismissed by court order on May 12, 2015. ECF Nos. 9-4 and 9-5. Graham's civil rights complaint, filed here on July 2, 2015, again references "deliberate indifference" for defendants' failure to provide him with a partial plate. The doctrine of res judicata applies.

An additional bar exists to bar consideration of Graham's claim; matter asserted may not be addressed by this court as it seeks what is in essence appellate review of a final decision

---

[5] Counsel states that defendants showed that Graham refused to allow treatment necessary for him to safely use the denture he requested. ECF No. 9-1 at 2. As the transcript of the trial is not provided, this court cannot rely on this statement in reaching its decision.

3

issued by a state court. "Under the *Rooker-Feldman*[6] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003), quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it sua sponte. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391. Simply put, if Graham's state law claim is barred by res judicata and collateral estoppel in the Maryland state courts, the claim is also barred here.

Defendants' motion to dismiss is granted. A separate order granting defendants' motion and closing this case follows.

11/4/6
(Date)

J. Frederick Motz
United States District Judge

BY _____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2005 NOV 10 AM 11:23
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

---

[6] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).